United States District Court
Southern District of Texas
**ENTERED**
April 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JIMMY JOSEPH NEWELL,<br>Petitioner,<br><br>VS.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ CIV. NO. 7:18-cv-00235<br>§<br>§<br>§<br>§<br>§ |

## **REPORT & RECOMMENDATION**

Petitioner, Mr. Jimmy Joseph Newell, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). On January 8, 2019, Respondent filed a Motion for Summary Judgment in response to Petitioner's writ. (Dkt. No. 8.)

After a careful review of the record and relevant law, and for reasons set forth below, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 8) be **GRANTED** in part. It is recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice as to Claims One, Three, and Four, concerning due process violations and ineffective assistance of counsel. Claim Two, alleging violation of equal protection rights, should be **DISMISSED** without prejudice to any future 42 U.S.C. § 1983 claim. Finally, Petitioner's § 2254 case should be closed.

It is further recommended that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## BACKGROUND

I. **Procedural History**

On July 28, 2017, Petitioner was convicted of evading arrest with a motor vehicle in the 54th District Court, McLennan County, Texas. (Dkt. No. 1 at 2; Dkt. No. 8 at 3.) Petitioner was sentenced to five years' incarceration. (Dkt. No. 8 at 3.) While incarcerated at the Texas Department of Criminal Justice (TDCJ) Segovia Unit, located in Edinburg, Texas, Petitioner was notified on February 26, 2018, that he was being charged with fighting another offender, a violation of TDCJ disciplinary rules. (Dkt. No. 8 at 3-4.) It was alleged that Petitioner and another inmate struck each other in the head with closed fists, which resulted in injuries. On March 5, 2018, a hearing was held concerning the fighting offense and Petitioner was found guilty. (*Id.*; Dkt. No. 1 at 5.) As punishment, Petitioner received: (1) loss of 45 recreation days; (2) loss of 45 commissary days; (3) loss of 45 days of phone privileges; and (4) reduction in line class from L1 to L3. (Dkt. No. 8 at 4; Dkt. No. 1 at 5.)

Petitioner submitted a Step 1 grievance, challenging the decision by the disciplinary board while asserting multiple due process violations. (Dkt. No. 8 at 4; Dkt. No. 9-2 at 3-4.) After the grievance was denied, Petitioner filed a Step 2 grievance, reiterating his due process claims while also bringing an equal protection claim for the first time. (Dkt. No. 8 at 4; Dkt. No. 9-2 at 5-6.) Again, Petitioner's grievance was denied. (Dkt. No. 8 at 5.)

On June 10, 2018, Petitioner's § 2254 petition was received be the Court. (Dkt. No. 1.)[1]

---

[1] On March 28, 2019, the Court received a request for state records from Petitioner pursuant to 28 U.S.C. § 2250. (Dkt. No. 12.) Petitioner paid the $5.00 filing fee in lieu of applying to proceed *in forma pauperis*; therefore, § 2250 is inapplicable to Petitioner and it is recommended that said request be denied. *See Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) (per curiam) (citation omitted) ("Title 28 U.S.C. § 2250 provides only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost.")

## II. Summary of the Pleadings

Petitioner raises four claims pertaining to his disciplinary hearing in his § 2254 petition: (1) he was denied due process when he was not "given the opportunity to prepare [his] case"; (2) his equal protection rights were violated when his punishment was "disparately harsh" compared to those of a different race; (3) there was no evidence to support the guilty finding; and (4) his "counsel substitute" was ineffective for the disciplinary hearing. (Dkt. No. 1 at 6-7.)

As relief to these allegations, Petitioner requests the Court to: (1) overturn the disciplinary hearing and remand for a new hearing; (2) reduce the punishment imposed; (3) limit the evidence to the discipline report; (4) overturn all sanctions and restore line class and parole eligibility; (5) retroactively award good time and work time credits; and (6) retroactively grant a promotion. (*Id.* at 7.)

In response, Respondent filed a motion for summary judgment claiming that Claims One, Three and Four are not cognizable in a § 2254 petition as the Due Process Clause does not protect the loss of prison privileges. (Dkt. No. 8 at 5-8.) Respondent also claims that Claim Two, concerning Petitioners equal protection rights, is properly brought in a 42 U.S.C. § 1983 suit and should be dismissed. (*Id.* at 9-10.)

## APPLICABLE LAW & ANALYSIS

### I. 28 U.S.C. § 2254

An application for writ of habeas corpus by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for any claim decided on the merits in the states court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in states court. 28 U.S.C. § 2254(d).

Prisoners charged with violations of penal rules are entitled to due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that imposes upon a liberty interest. Liberty interests "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). This is because "the Due Process Clause does not protect every change in the condition of confinement which has a substantial adverse effect upon a prisoner." *Id.* "Only when a prisoner demonstrates 'extraordinary circumstances' may he maintain a due process challenge to a change in his custodial classification." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (citing *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996)).

## II. Section 2254 Petition Versus Section 1983 Suit

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). In fact, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at 488-90). Alternatively, § 1983 claims are proper when attacking the "conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). This distinction between a § 2254 petition and a § 1983 suit can become blurry when a petitioner is challenging conditions of confinement that

could affect the length of his incarceration. The Fifth Circuit has "adopted a simple, bright-line rule for resolving such questions. If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' . . . the proper vehicle is a § 1983 suit." *Id.* at 820-21 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert denied*, 516 U.S. 1059 (1996)).

However, the Fifth Circuit has held that a prisoner challenging the loss of commissary privileges, cell restrictions, and a reduction in good-time earning status (or line-class) was properly addressed as a § 2254 petition and not a § 1983 suit, even though a favorable determination would not have entitled the prisoner to accelerated release. *Malchi v. Thaler*, 211 F.3d 953, 955, 957 n.3 (5th Cir. 2000) (holding that "Malchi therefore properly sought habeas relief in this case" after deciding no relief could be granted because Malchi had no liberty-interest in his time-earning status). The "bright-line" rule announced in *Orellana* and the holding in *Malchi* are at odds unless a court interprets the holdings to say that reversing a reduction in line-class would entitle a prisoner to accelerated release, but that a reduction in line-class does not implicate any liberty interest, therefore not invoking the protections of the Due Process Clause. *See Carson*, 112 F.3d at 821 (internal quotation marks and citation omitted) (noting that challenges to parole or prison official rulings that "would merely enhance eligibility for accelerated release and thus ha[ve] an indirect impact on the determination of whether a claimant eventually receives parole," are properly brought in a § 1983 action).

The Fifth Circuit has mentioned the lack of clarity in claims that could be brought potentially in both § 2254 and § 1983 actions. In *Poree v. Collins*, 866 F.3d 235, 244 (5th Cir. 2017), the Fifth Circuit noted that it "has been less clear" on whether or not certain claims could be brought in both § 2254 petitions and § 1983 suits. The Court further noted, "[w]e reiterate that we decline to address whether habeas is available only for fact or duration claims." *Id.* With

5

that lack of clarity set out, the Court held that petitioner's claim, challenging state court refusal to transfer civil commitment petitioner from state hospital to less intrusive transitional residential setting, was proper for habeas review under 28 U.S.C. §2254(d)(1). *Id.* at 244-246.

Finally, and as mentioned by Respondent, when a district court is faced with a § 2254 petition that includes claims properly brought in a § 1983 suit, the court is to, if possible, separate the § 1983 claims and address them as such. *Serio v. Members of Louisiana State Bd. Of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instance in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims.").

## II.     Claims One and Three: Violation of Due Process Rights

Petitioner claims that he was not given the opportunity to prepare his case, was not able to gather witness statements, and that there was no evidence to sustain his conviction. (Dkt. No. 1 at 6-7.) Together, Petitioner is complaining that his due process rights were violated by these alleged errors.

For Petitioner's claims to be successful, the punishment imposed upon Petitioner must have implicated a liberty interest. *See Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). As discipline, Petitioner received: (1) loss of 45 recreation days; (2) loss of 45 commissary days; (3) loss of 45 days of phone privileges; and (4) reduction in line class from L1 to L3. (Dkt. No. 8 at 4; Dkt. No. 1 at 5.) Cell confinement, or loss of recreation days, and loss of commissary days are conditions of confinement and do not implicate liberty interests. *Madison*, 104 F.3d at 768 ("We agree that Madison's 30 day commissary and cell restrictions as punishment are in fact merely changes in the condition of his confinement and do not implicate due process concerns."). "[A prisoner] has no constitutional right to visitation privileges." *Berry v. Brady*, 192 F.3d 504, 508

6

(5th Cir. 1999). Like visitation privileges, Petitioner does not have a liberty interest in phone privileges and loss of such privileges are not an extraordinary circumstance. *See Keith v. Davis*, No. 3:16-CV-2444, 2018 WL 654555, at *1 (N.D. Texas Jan. 8, 2018) (finding that the loss of commissary privileges, reduction in line classification, loss of phone privileges, and demotion in custody classification all "do not implicate a protected constitutional interest."). Finally, Petitioner's reduction in line class does not implicate a liberty interest. *See Malachi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (finding that reductions in line-class status which affects how good time is calculated and accrued by an inmate, in other words, inmates' "time-earning status", do not implicate due process concerns). Because none of the four punishments Petitioner received implicate a liberty interest, Petitioner's due process claims are not cognizable in a § 2254 petition and said requests should be denied.

The undersigned recognizes that the facts of Petitioner's case are similar to those presented to the Fifth Circuit in *Malchi v. Thaler*. *See Malchi*, 211 F.3d at 955 (showing that Malchi filed a writ of habeas corpus claiming that the disciplinary decision that resulted in a loss of commissary privileges, cell restriction, and reduction in line-class violated his due process rights). The Fifth Circuit held that such a claim was correctly presented in a § 2254 petition even though no relief could be granted as the penalties Malchi received did not implicate any liberty interest. *Id.* at 956, 957 n.3. The undersigned also notes that the Fifth Circuit has remanded § 2254 decisions because due process claims that do not implicate liberty interests are properly brought in § 1983 suits and should be addressed as such. *See Jon v. Cockrell*, 80 F. App'x 296, 296-97 (5th Cir. 2003) (affirming the dismissal of petitioner's challenge to the punishment received from disciplinary hearing, solitary confinement, but remanding the § 2254 petition back for consideration of petitioner's claims that he was denied due process at disciplinary hearing and that conditions of

7

solitary confinement were unconstitutional pursuant to 42 U.S.C. § 1983); *see also Emmett v. Thaler*, 379 F. App'x 321, 322 (5th Cir. 2010) (denying the petitioner's COA request pertaining to dismissal of procedural due process claims but remanding § 2254 petition for consideration of retaliation and equal protection claims in regard to disciplinary hearing pursuant to 42 U.S.C. § 1983).

The issue now presented before the court is if Petitioner's claims are properly addressed as § 1983 claims and, if so, can they be presently handled. The undersigned believes it is proper to consider Petitioner's claims as § 1983 claims as well because they only challenge the conditions of confinement. However, even if Petitioner had presented his claims in a § 1983 suit, he would be entitled to no remedy. Even in § 1983 suits, for the Due Process Clause to be implicated, a prisoner must have received a penalty that affected a protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (holding that a § 1983 due process claim by a prisoner challenging a disciplinary hearing is at issue if a liberty interest was implicated by his punishment). Because Petitioner's disciplinary hearing did not result in the loss of anything that Petitioner has a liberty interest in, Petitioner's claims fail as § 1983 claims as well. Therefore, Claims One and Three should be dismissed with prejudice.

### III. Claim Four: Ineffective Assistance of Counsel

Petitioner's fourth claim is that his counsel substitute assigned to him for his disciplinary hearing did not assist with the preparation of Petitioner's case and advocated against Petitioner during the penalty assessment. (Dkt. No. 1 at 7.) Although a prisoner can receive assistance from a substitute aid from the prison staff, an inmate has no federal constitutional right to appointed or retained counsel in disciplinary proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *see also Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) ("[W]e are not prepared to hold that inmates

have a right to either retained or appointed counsel in disciplinary proceedings."). Because there is no constitutionally guaranteed right to counsel in disciplinary proceedings, there can no be cognizable claim for ineffective assistance of counsel for purposes of federal habeas relief or a civil rights suit. Petitioner's claim for ineffective assistance of counsel should be dismissed.

## IV. Claim Two: Equal Protection

Petitioner's final claim is that his equal protection rights were violated when "[s]imilarly situated prisoners that are Hispanic have informal resolution or less stringent punishment." (Dkt. No. 1 at 6.) Additionally, Petitioner claims that the "reviewing warden made racial comments and admitted he didn't review evidence." (*Id.*)

Petitioner's claim does not challenge "the legality of [his] custody," nor does it attempt "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Though Petitioner complains that his "punishment was disparately harsh" and seeks to "overturn the disciplinary hearing," no penalty imposed by the disciplinary decision affected the time Petitioner will spend in custody. (Dkt. No. 1 at 6-7.) Therefore, Petitioner's claim that the reviewing warden violated his equal protection rights is properly brought in a § 1983 suit as it concerns the "conditions of confinement and prison procedures." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all person similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff

because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)).

Petitioner claims that the "reviewing warden made racial comments," "didn't review evidence," and that "similarly situated prisoners that are hispanic have informal resolution or less stringent punishment." (Dkt. No. 1 at 6.) It appears, without deciding, that Petitioner has sufficiently enough pleaded a § 1983 equal protection claim to survive summary judgment at this stage. *See* Fed. R. Civ. P. 56(a) (providing that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Respondent asks for the Court to dismiss Petitioner's equal protection claim with prejudice as it is not cognizable in a § 2254 motion and offers no support for why the claim should be dismissed if it were presented in a § 1983 suit. (Dkt. No. 8 at 10.) This request is made immediately after Respondent notes that the Fifth Circuit requires the Court to entertain the claim as a § 1983 claim. (*Id.* at 9-10.) Regardless, the claim should be dismissed without prejudice.

Petitioner is not proceeding *in forma pauperis* but instead paid the filing fee required to initiate the present § 2254 case. Petitioner should pay the required fee for a § 1983 suit before such claims are considered. *See* 28 U.S.C. § 1914(a) (setting the filing fee for a § 1983 suit at $350). If Petitioner is unable to pay the fee, then Petitioner can apply to proceed *in forma pauperis* and may be allowed to proceed. It should be noted, even if the request is granted, Petitioner is still obligated by law to pay the full filing fee even if it is on an installment plan. *See* 28 U.S.C. § 1915(a)(2), (b)(1); *see also Jackson v. Stinnett*, 10 F.3d 132, 137 (5th Cir. 1996) (advising pro se prisoner litigant that his § 1983 action against several state prison officials will be dismissed unless said litigant complies with the *in forma pauperis* procedures set forth in 28 U.S.C.

§ 1915(a)). Petitioner's Equal Protection claim is not cognizable in a § 2254 petition. *See Orellana*, 65 F.3d at 31 (citation omitted) ("Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement."). The claim should be dismissed without prejudice as to any future § 1983 suit that may filed by Petitioner.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 8) be **GRANTED** in part. It is recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice as to Claims One, Three, and Four, concerning due process violations and ineffective assistance of counsel. Claim Two, alleging violation of equal protection rights, should be **DISMISSED** without prejudice to any future § 1983 claim. Finally, Petitioner's § 2254 case should be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

Reasonable jurists would not find it debatable that there is a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling for the reasons noted; therefore, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 19th day of April, 2019.

Juan F. Alanis
United States Magistrate Judge