UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JIMMY JOSEPH NEWELL, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. M-18-235 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Jimmy Joseph Newell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On April 19, 2019, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's motion for summary judgment be granted, that Petitioner's § 2254 habeas petition be denied, that Petitioner be denied a certificate of appealability, and that this action be dismissed.

Petitioner timely filed objections in response. While the Court has conducted a de novo review of those portions of the Report to which objections were made, it addresses only one. Specifically, Petitioner contends that the Magistrate Judge's reliance on *Malchi v. Thaler*[1] was misplaced. Rather, Petitioner contends that *Teague v. Quarterman*[2] in which the Fifth Circuit held that "that Texas' post-September 1, 1996 mandatory supervision scheme creates a constitutional expectancy of early release and, as such, a protected liberty interest in previously earned good-time credits" controls his case. However, Petitioner fails to recognize that *Malchi* and *Teague* both stand for the same proposition; that a Texas prisoner has a constitutional expectation of early release. Nonetheless, *Teague* dealt with the loss of good time credit; whereas *Malchi* dealt with the reduction of line class, which might then limit the future earning of good time credit. Thus, *Teague* does not control in this case and does not change the outcome.[3] The remaining objections are overruled without further discussion.

---

[1] 211 F.3d 953, 958 (5th Cir. 2000)
[2] 482 F.3d 769, 777 (5th Cir. 2007),
[3] See *Sandin v. Conner*, 515 U.S. 472, 487 (1995)(The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.)

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the portions of the Report and Recommendation to which no objections were made for clear error. Finding no error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, that Petitioner's Petition for Writ of Habeas Corpus Pursuant to § 2254 is **DENIED**, that Petitioner is denied a certificate of appealability, and that this action is **DISMISSED** with prejudice to all claims except Petitioner's equal protection claim.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of May, 2019.

_____
Micaela Alvarez
United States District Judge